# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2015

Lyle W. Cayce
Clerk

JOSE ARREOLA-VILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 069 559

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Arreola-Villa, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's order that he was subject to removal and was not eligible for cancellation of removal because he had been convicted of a crime involving moral turpitude for which a sentence of one year or longer could be imposed. He contends that his prior conviction does not bar his eligibility for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), which provides that a nonpermanent resident may be eligible for cancellation of removal if he has not been convicted of an offense under three statutes, including 8 U.S.C. § 1227(a)(2).  He argues that § 1229b(b)(1)(C) should be interpreted to include all of the immigration-related elements in the three statutes and that the BIA improperly concluded that only language regarding the criminal offense determines whether an offense is "under" one of the three statutes.

We previously have rejected arguments virtually identical to those made by Arreola-Villa.  In *Nino v. Holder*, 690 F.3d 691, 697-98 (5th Cir. 2012), we held that the plain language of § 1229b(b)(1)(C) unambiguously refers to the elements of the offenses set forth in the three statutes and does not refer to any aspects of immigration law.  In light of our holding in *Nino*, Arreola-Villa's argument that § 1229b(b)(1)(C) should be read to include aspects of immigration law and his contention that the BIA wrongly interpreted the statute by reaching a contrary determination are effectively foreclosed.

Accordingly, the petition for review is DENIED.